**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1259-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERTO BURGOS,

     Defendant-Appellant.

_____

Submitted May 13, 2020 – Decided June 4, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-09-1449.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard E. Drucks, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Roberto Burgos appeals from an August 30, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On September 10, 2014, defendant was indicted by a Hudson County grand jury on the following charges: third-degree possession of controlled dangerous substances (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); third-degree distributing or dispensing CDS, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two); third-degree distributing or dispensing CDS in a school zone, N.J.S.A. 2C:35-7 (count three); and second-degree distributing or dispensing CDS within 500 feet of a public park, N.J.S.A. 2C:35-7.1 (count four).

We briefly summarize the facts. A Jersey City police officer was on routine surveillance for suspected drug activity. The officer observed certain activities that, based on the officer's training and experience, caused the officer to believe defendant was selling drugs. The officer saw a minivan pull directly in front of his car, providing the officer with an unobstructed view. The officer then saw defendant place a plastic bag containing white powder on the front passenger seat of the minivan. The driver of the minivan, co-defendant Paola Greenwood, gave money to defendant. Suspecting the bag contained cocaine, the officer arrested defendant.

Prior to trial, defendant moved to suppress the drug evidence and the judge held an evidentiary hearing. In a March 18, 2015 order and accompanying written decision, the judge denied the suppression motion.

The jury trial began on May 26, 2015, and defendant was found guilty on all counts. The trial judge merged counts one, two, and three with count four, and sentenced defendant to a term of eight years, with four years of parole ineligibility.

Defendant appealed his conviction and sentence. This court affirmed the conviction and sentence on direct appeal. State v. Burgos, No. A-0740-15 (App. Div. June 8, 2017). The Supreme Court denied defendant's petition for certification. State v. Burgos, 231 N.J. 315 (2017).

Defendant filed a PCR petition on March 14, 2018, and an amended PCR petition on May 31, 2018, alleging ineffective assistance of counsel because: (1) trial counsel failed to obtain defendant's cellphone records; (2) trial counsel stipulated to the State's lab report confirming the substance sold by defendant was cocaine; (3) trial counsel failed to request the judge conduct a Sands/Brunson[1] analysis before defendant elected not to testify at trial; and (4) appellate counsel "failed to appeal the trial court's denial of defendant's motion

---

[1] State v. Sands, 76 N.J. 127 (1978); State v. Brunson, 132 N.J. 377 (1993).

A-1259-18T4

to suppress evidence despite multiple inconsistencies in the arresting officer's testimony at the suppression hearing and at trial."

The PCR judge heard argument on defendant's petition. In an August 30, 2018 order, the judge denied defendant's PCR petition and request for an evidentiary hearing.

In her oral decision, the PCR judge concluded trial counsel was not ineffective in failing to obtain defendant's cellphone records. Defendant claimed his cellphone records should have been obtained to disprove that he spoke to co-defendant on the date of his arrest. However, the judge determined there was strong evidence against defendant and the cellphone records would not have led to a different outcome based on the testimony of the arresting officer, who saw defendant on his cellphone prior to the arrest, and co-defendant, who testified she texted defendant about buying cocaine. In rejecting defendant's argument on this point, the judge explained trial counsel "does not need to pursue every investigative path that is suggested by their client if they do not believe the method will be productive or effective. Counsel . . . has the right to choose which strategic path they see fit for the [defendant]." The judge held trial counsel's failure to obtain defendant's cellphone records "did not affect the trial to such an extent that it was impossible to obtain a fair trial."

The PCR judge also rejected defendant's claim that his trial counsel was ineffective in stipulating to the State's lab report and failing to explain the import and consequences of that report. The report confirmed the substance sold by defendant to Greenwood was cocaine. The judge determined defendant's claimed failure to understand the lab report would be used as evidence against him at trial was nothing more than "a bald assertion." She concluded defendant was "quite naïve" to believe the State would not use the report, which identified the substance that established the primary evidence against defendant.

In addition, the PCR judge determined trial counsel was not ineffective in failing to file a <u>Sands/Brunson</u> motion prior to defendant deciding whether he would testify. She found such a motion would not have aided defendant's decision whether to testify at trial because defendant's prior convictions could have been introduced at trial provided the trial judge sanitized the convictions to include "only the number, degree, and date of the defendant's prior similar convictions." <u>Brunson</u>, 132 N.J. at 394. The judge inferred trial counsel was familiar with the existing case law regarding the use of prior convictions at trial. Therefore, she concluded defense counsel exercised appropriate trial strategy by advising defendant not to testify at trial. If defendant testified, the State would have cross-examined him regarding the prior convictions and the PCR judge

noted such cross-examination would likely have been detrimental to defendant's case.

Further, the PCR judge determined appellate counsel was not ineffective in failing to appeal the trial judge's ruling on the motion to suppress the drug evidence. The judge deemed the evidence against defendant was strong based on the testimony of the officer who witnessed the drug transaction. In addition, Greenwood, who purchased cocaine from defendant, testified against defendant at trial. Both witnesses were extensively cross-examined by defendant's trial attorney. The PCR judge concluded there was strong proof supporting admission of the drug evidence under the plain view doctrine and therefore any appeal regarding the denial of the suppression motion would have been meritless.

On appeal, defendant raises the following arguments:

POINT ONE

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF DESPITE THE INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL AS ESTABLISHED BY THE U.S. CONST. AMEND. VI AND BY THE N.J. CONST. ART. I, ¶10.
>
> (a) Legal Standards Governing Applications for Post-Conviction Relief.

(b) The PCR Court's Rulings.

(c) The PCR Court Erred in Rejecting Defendant's Claim that Trial Counsel's Refusal to Subpoena Cell Phone Records Constituted Ineffective Assistance of Counsel.

(d) The PCR Court Erred in Rejecting Defendant's Claim that Trial Counsel's Failure to File a Sands/Brunson Motion Constituted Ineffective Assistance of Counsel.

(e) The PCR Court Erred in Rejecting Defendant's Claim that Trial Counsel's Failure to Properly Explain the Import and Consequence of the State Lab Report Constituted Ineffective Assistance of Counsel.

(f) The PCR Court Erred in Rejecting Defendant's Claim that Appellate Counsel's Failure to Appeal the Suppression Court's Ruling Constituted Ineffective Assistance of Counsel.

(g) The PCR Court Erred in Rejecting Defendant's Claim that the Errors of His Trial Counsel and His Appellate Counsel Cumulatively Constituted Ineffective Assistance of Counsel.

POINT TWO

THE COURT ERRED IN REFUSING TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING REGARDING DEFENDANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v.

7

A-1259-18T4

Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, defendant must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The mere raising of a claim of ineffective assistance of counsel does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is necessary only if a petitioner presented sufficient facts to make out a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b).

Having reviewed the record, we are satisfied that defendant failed to make a prima facie showing of ineffective assistance of trial or appellate counsel under the Strickland/Fritz analysis.

We first consider defendant's claim that appellate counsel should have appealed the denial of his motion to suppress the drug evidence. However, defendant failed to demonstrate that an appeal from the denial of his suppression motion would have been meritorious. Defendant baldly asserted that the seized

evidence was not in plain view of the arresting officer. However, the judge who handled the suppression motion and the PCR judge deemed the evidence admissible based on the arresting officer's knowledge and experience in illegal drug sales, and the officer's eyewitness account of the transaction. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Because the issues were vigorously litigated at a suppression hearing, appellate counsel's failure to appeal the trial judge's denial of the suppression motion was not ineffective assistance of counsel.

Defendant also argues his trial counsel was ineffective because he failed to file a Sands/Brunson motion and never told defendant that his prior convictions might be used for impeachment purposes if defendant testified at trial. At the discretion of the trial judge, the State would have been permitted to introduce sanitized evidence of defendant's prior drug related convictions for impeachment purposes, subject to the exclusion of any convictions based on remoteness. Brunson, 132 N.J. at 391-92; Sands, 76 N.J. at 144-45. Trial counsel was aware defendant would have been subject to vigorous cross-examination based on his extensive prior history of criminal convictions and

9

therefore counsel made a strategic decision in advising against defendant testifying at trial. We agree with the PCR judge that a pre-trial application pursuant to Sands/Brunson would not have changed the outcome of the trial and trial counsel was not ineffective in failing to file such a motion.

We next consider defendant's claim that trial counsel inadequately investigated his case and failed to subpoena his cellphone records on the day of his arrest. The officer testified he saw defendant talking on a cellphone prior to the observed drug transaction although the officer did not know who was on the other end of the telephone conversation. The officer was subject to extensive cross-examination at the suppression hearing and at trial, and defense counsel tested the officer's credibility and veracity. In addition, Greenwood testified that she texted defendant to buy cocaine. Defense counsel challenged Greenwood's testimony by way of cross-examination and elicited that the charges against her were downgraded in return for her trial testimony against defendant. Defendant presented no facts, supported by affidavits or certifications based upon personal knowledge, demonstrating presentation of his cellphone records would have changed the outcome of the trial. See Cummings, 321 N.J. Super. at 170.

We turn to defendant's claim that trial counsel was ineffective as a result of stipulating to the admission of the State's lab report. The lab report confirmed the substance defendant sold to Greenwood was cocaine. Defendant is not challenging the method by which the laboratory performed the test or any flaw in the actual testing. Rather, defendant argues he was unaware the evidence would be used against him at trial. Experienced trial attorneys often stipulate to the contents of an uncontested lab report as part of trial strategy. See State v. Marshall, 123 N.J. 1, 165 (1991) (holding trial strategy decisions by counsel made after an investigation of the law and facts are almost always unassailable). Defendant failed to explain how his counsel's stipulation to the State's lab report was deficient, particularly where there was no independent report suggesting the tested substance was not cocaine. We agree with the PCR judge that it would have been naïve of defendant to believe the State would not rely on the primary physical evidence against him as a result of his trial counsel stipulating to the findings in the lab report. See N.J.S.A. 2C:35-19, which "codifies the procedures under which a defendant may assert or waive objections to the admission of a laboratory certificate in a given case." State v. Simbara, 175 N.J. 37, 48 (2002).

We are satisfied the record fully supports a conclusion that defendant has failed to meet both prongs of the Strickland/Fritz test. The evidence against defendant was overwhelming. Defendant's claims regarding trial counsel and appellate counsel are nothing more than improper bald assertions that are insufficient to establish ineffective assistance of counsel. There is no merit to defendant's position that counsels' representation of his interests before the trial court or appellate court was substandard.

Because defendant failed to make a prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not warranted. Preciose, 129 N.J. at 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1259-18T4